**FILED**

February 18 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 07-0016

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 07-0016

———————

| | | |
|---|---|---|
| IN THE MATTER OF THE RULES OF | ) | |
| APPELLATE PROCEDURE | ) | O R D E R |
| | ) | |

———————

The comment period for various proposed revisions to the Montana Rules of Appellate Procedure expired on April 7, 2014. The Court has considered the comments received and has determined to adopt most of the proposed revisions, with a few minor changes and some additions. Mainly, the revisions constitute what could be described as housekeeping matters.

The Court hereby adopts changes to Rules 2, 4, 5, 7, 12, and 17 of the Montana Rules of Appellate Procedure. Those rules, as revised by virtue of this Order, are set forth below:

**Rule 2. Parties - amicus curiae - captions.**

**(1)** The following are parties to proceedings before this court and shall be referred to as such in the caption of and signature block of documents filed with this court:

**(a) Appellant.** The party who appeals from and usually seeks reversal of a decision in the district court. A party who files a cross-appeal shall be referred to as a cross-appellant.

**(b) Appellee.** The party who usually responds to the appeal, seeking affirmance of the district court. A party who responds to a cross-appeal shall be referred to as a cross-appellee.

**(c) Petitioner.** A party who seeks relief by way of an original proceeding or a petition for an extraordinary writ.

**(d) Respondent.** The party against whom a petition is filed.

**(e) Relator.** The real party in interest in whose name the government brings an action or proceeding before this court.

**(f) Intervenor.** One who, because of an asserted interest in the outcome, has voluntarily entered into an action or who, on motion, is granted leave to enter a proceeding before this court, despite not being named originally as a party.

1

**(2) Amicus curiae.**  One who is not a party, but who, upon invitation or leave of the supreme court granted on motion, files a brief in a pending proceeding because of a strong interest in the subject matter.

**(3) Counsel – parties not represented by counsel.**  When these rules require an act by or upon a party, the act shall be performed by or upon counsel for the party or by or upon a party not represented by counsel.

**(4) Captions.**  The caption of an appeal shall list the parties in the same order as the caption used in the district court, with the addition of the designations "appellant" and "appellee" as appropriate.  On motion of a party, or on the court's own motion, the caption of a pending cause may be modified to more accurately reflect the actual alignment or status of a party.  Upon entry of an order correcting the caption, the cause shall proceed under that caption thereafter.

.   .   .

**Rule 4.  How and when to take an appeal or cross-appeal.**

**(1) Judgments defined.**
   **(a) Final judgment.**  A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed.
   **(b) Interlocutory judgment.**  An interlocutory judgment is an order or decree that determines a preliminary or subordinate question or issue and which enables the court to render a final judgment but does not finally decide the cause.

**(2) How commenced.**
   **(a)** An appeal is taken by timely filing a notice of appeal in accordance with rule 10(1) of these rules in the office of the clerk of the supreme court substantially complying with Form 1 in the Appendix of Forms, along with payment of the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.  A copy of the notice of appeal shall be contemporaneously served for filing in the office of the clerk of the district court and served on all parties.
   **(b)** A cross-appeal is taken by timely filing a notice of cross-appeal in accordance with rule 10(1) of these rules in the office of the clerk of the supreme court substantially complying with Form 2 in the Appendix of Forms, along with the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.  A copy of the notice of cross-appeal shall be

contemporaneously served for filing in the office of the clerk of the district court and served on all parties.

(c) Except where the supreme court grants an out-of-time appeal under section (6) of this rule, the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of the supreme court.

(d) A notice of appeal or cross-appeal shall not be filed by the clerk of the supreme court unless accompanied by the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3. If the notice of appeal or notice of cross-appeal is filed by facsimile in accordance with rule 10(1)(b) of these rules, either the filing fee or the affidavit to proceed without advance payment of fees must be paid (or filed) and actually received by the clerk of the supreme court within 5 business days of the facsimile filing; otherwise the filing shall be treated as void.

**(3) Joint or consolidated appeals.**

(a) If 2 or more parties are entitled to appeal from a judgment or order of the district court and their interests are such as to make joinder practicable, they may file a joint notice of appeal or cross-appeal, or may join an appeal or cross-appeal after filing separate notices.

(b) Appeals or cross-appeals may be consolidated by order of the supreme court upon its own motion or upon motion of a party or parties.

**(4) Content of notice of appeal or cross-appeal.**

(a) The notice of appeal or cross-appeal shall specify the party or parties taking the appeal or cross-appeal, and shall designate the final judgment or order or part thereof from which the appeal is taken. An appeal from a judgment draws into question all previous orders and rulings excepted or objected to which led up to and resulted in the judgment.

(b) If an appeal is taken after certification by the district court under M. R. Civ. P. 54(b), the notice of appeal shall state that fact, and a copy of the certification order shall be attached to the notice. Upon the filing of such a notice, the clerk of the supreme court shall immediately forward copies thereof to the supreme court. The appeal shall not proceed further until the supreme court has reviewed the certification order, determined that the certification complies with M. R. Civ. P. 54(b) and rule 6(6), and entered an order allowing the appeal to proceed.

(c) The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that the appeal or cross-appeal is or is not subject to the mediation process required by rule 7.

(d) The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that a copy of the notice of appeal or cross-appeal was served by mailing a copy thereof to the clerk of the

3

district court and to counsel of record and every party not represented by counsel.

**(e)** In the event the appellant or cross-appellant fails to comply with sections (4)(a) through (d) of this rule, the clerk of the supreme court shall issue a written notice, substantially complying with Form 4 in the Appendix of Forms, directing the appellant or cross-appellant to file an amended notice of appeal or cross-appeal within 11 days. A notice issued by the clerk of the supreme court pursuant to this section shall not affect the original filing date of the notice of appeal or cross-appeal.

**(f)** An appeal or cross-appeal shall not be dismissed for informality of form or title so long as the information required in section (4) of this rule is contained in the notice of appeal or cross-appeal. In the discretion of the supreme court, an appeal may be dismissed for failure of the appellant or cross-appellant to comply with section (4)(e)of this rule.

**(5) Time for filing notice of appeal or cross-appeal.**

**(a) Appeals in civil cases.**

(i) In civil cases, including proceedings regarding abused or neglected children under Title 41, Chapter 3, the notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken. In all other cases in which the United States of America or the State of Montana, or any political subdivision thereof, or any officer or agency thereof is a party, the notice of appeal shall be filed within 60 days from the entry of the judgment or order from which appeal is taken. If notice of entry of judgment or order is required to be served under M. R. Civ. P. 77(d), the 30 days or 60 days, as the case may be, shall not begin to run until service of the notice of entry of judgment or order.

(ii) A notice of appeal filed after the announcement of a decision or order, but before either entry of the written judgment or order from which the appeal is taken or service of the notice of entry of judgment, shall be treated as filed on the day of such entry. The district court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of a notice of appeal.

(iii) If a timely notice of appeal is filed by a party, any other party may file a notice of cross-appeal within 15 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by section (5)(a) of this rule, whichever last expires.

(iv) If a timely motion pursuant to the Montana Rules of Civil Procedure is filed in the district court by any party:

(A) Under rule 50(b) for judgment;

4

    (B) Under rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if granted;

    (C) Under rule 59 to alter or amend judgment;

    (D) Under rule 59 for a new trial; or

    (E) Under rule 60(b) for relief from a judgment or order, the time for appeal for all parties shall run from the entry of the order granting or denying any such motion or, if applicable, from the time such motion is deemed denied at the expiration of the 60-day period established by M. R. Civ. P. 59(f). No notice of entry of judgment or order is required when any of the foregoing motions are granted, denied, or deemed denied. A notice of appeal filed before the disposition of any of the above motions, whether by entry of an order or by deemed denial, shall be treated as filed on the date of such entry or deemed denial. The district court is not deprived of jurisdiction to enter its order on any such motion by the premature filing of a notice of appeal.

**(b) Appeals in criminal cases.**

    (i) An appeal from a judgment entered pursuant to section 46-18-116 must be taken within 60 days after entry of the judgment from which appeal is taken. A notice of appeal filed after the oral pronouncement of a decision or sentence but before entry of the written judgment or sentence is treated as filed on the date of the written entry. The district court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of a notice of appeal.

    (ii) After filing a notice of appeal, retained criminal defense counsel will remain as counsel of record on appeal until and unless counsel either obtains and files with the clerk of the supreme court the client's written consent to counsel's withdrawal, or obtains a supreme court order allowing counsel to withdraw.

    (iii) An appeal from a judgment or order made appealable by section 46-20-103 must be taken within 20 days of the entry of the written judgment or order from which appeal is taken.

**(6) Out-of-time appeal.** In the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice, the supreme court may grant an out-of-time appeal. An out-of-time appeal must be requested by verified petition supported by affidavits, records, and other evidence establishing the existence of the extraordinary circumstances claimed. Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect.

**Rule 5.  Proceeding without the required filing fee.**

    **(1)  Motion and affidavit to proceed without paying the filing fee - general.**  A party in a civil appeal or in an original proceeding for a writ in the supreme court who desires to proceed without payment of the required filing fee shall file a combined motion and affidavit in the supreme court for leave to so proceed, as prescribed by Form 3, showing the party's financial condition and inability to pay the filing fee, the party's belief that the party is entitled to redress, and a short statement of the issues the party intends to present.  If necessary to determine a party's financial condition, the supreme court may remand a combined motion and affidavit to the district court for fact-finding.

    **(2)  Motion and affidavit to proceed without paying the filing fee - incarcerated person.**  A person incarcerated in a correctional institution or facility who is a party in a civil appeal or in an original proceeding for a writ in the supreme court and who desires to proceed without payment of the required filing fee shall file a combined motion and affidavit in the supreme court for leave to so proceed, together with an unnotarized form as otherwise prescribed by Form 3, showing the party's financial condition and inability to pay the filing fee, the party's belief that the party is entitled to redress, and a short statement of the issues the party intends to present.

    **(3)  Determination of indigency - party with appointed counsel.**  If a party has appointed counsel in an appeal or in an original proceeding for a writ, the party is entitled to proceed without paying the filing fee without further action by the party or the supreme court.

    **(4)  Action by supreme court.**  The supreme court clerk's office is authorized to act on any motion to proceed without payment of the required filing fee.  A party may ask the supreme court to review the supreme court clerk's determination. Within 14 days after the clerk's denial of such a motion, the party must either pay the filing fee or file a request for review by the supreme court.  The party may present new evidence to the court in its request for review.  The supreme court shall review the supreme court clerk's determination de novo.

    **(5)  Limitations of waiver.**  The grant of a motion to proceed without payment of the required filing fee waives the filing fee but does not entitle the party to waive other fees or costs, such as transcript preparation costs or attorney fees.

.   .   .

**Rule 7.  Mandatory appellate alternative dispute resolution.**

    **(1)  Statement of purposes.** The mandatory appellate alternative dispute resolution procedure is designed to achieve the following goals:

6

**(a)** Provide an alternative means to resolve certain civil appeals and to enhance public confidence in the appellate process;

**(b)** Help the parties avoid the additional legal expense and emotional cost of an appeal;

**(c)** Prioritize the use of court resources for cases that cannot be resolved between the parties;

**(d)** Help the parties realistically explore a settlement; and

**(e)** Provide a speedy and just resolution of the dispute.

**(2) Appeals subject to rule.** The following categories of appeals shall be subject to the provisions of this rule:

**(a) Workers' compensation.** All appeals from the Workers' Compensation Court.

**(b) Domestic relations.** Appeals in domestic relations cases, including but not limited to all dissolution issues, child custody and support issues, maintenance issues and modifications of orders entered with respect to those issues; but excluding proceedings regarding abused or neglected children, paternity disputes, adoptions, and all juvenile and contempt proceedings when the excluded matters constitute the only issues on appeal. In addition, unless each party provides written, informed consent within 15 days of the filing of the notice of appeal, the supreme court will not order appellate mediation in cases where the court has reason to suspect that one of the parties or a child of a party has been physically, sexually, or emotionally abused by the other party. An appellant or cross-appellant desiring to opt out of mandatory mediation under this provision shall certify in the notice of appeal or cross-appeal that the domestic relations case is not subject to mandatory mediation pursuant to this section of the rule.

**(c) Money judgments.** Appeals in actions seeking monetary damages/recovery.

**(d) Appeals which the supreme court, in its discretion, designates as appropriate for mediation.**

**(3) Time Limitations and supplementary process.**

**(a) Time limitations.** Upon filing a notice of appeal in the manner and time required by rules 4 and 6, the parties and the mediator shall have 75 days within which to complete the process required by this rule. However, in the event the parties are made subject to this rule only as a result of a cross-appeal, the parties shall have 75 days from the filing of the notice of cross-appeal.

**(b) Supplementary process.** The process required by this rule shall be supplementary to, and have no effect on, the parties' duties, obligations, and time requirements otherwise provided for in these rules; provided, however, that the parties may, by stipulation filed with the clerk of the supreme court and served on the clerk of the district court, hold the time requirements of

7

these rules in abeyance pending completion of the process required by this rule. In the event the parties stipulate to holding time requirements of these rules in abeyance, all such time requirements shall run from the earlier of the date of the filing of the mediator's report, or the expiration of the 75-day time limit.

**(4) Selection or appointment and payment of mediator - immunity.**

   **(a)** Mediators shall be selected or appointed as provided in sections (4)(b) and (d) of this rule and shall enjoy such judicial immunity as the supreme court would enjoy if performing the same functions. Upon selection or appointment, the clerk of the supreme court shall mail to the mediator a copy of the notice of selection or order of appointment of mediator, the mediator instructions, and mediator's, attorneys', and parties' mediation evaluation forms.

   **(b)** The parties may jointly select a mediator for purposes of complying with the mediation process required by this rule within 15 days of the filing of the notice of appeal or cross-appeal which subjects the case to the requirements of this rule; in the event the parties do not jointly select a mediator, one will be assigned by the clerk of the supreme court.

   **(c)** In the event the parties voluntarily select a mediator, the appellant shall file with the clerk of the supreme court a notice of selection of mediator, substantially complying with Form 5 in the Appendix of Forms, within the above-referenced 15-day deadline.

   **(d)** In the event the parties do not voluntarily and timely select a mediator, the clerk of the supreme court shall appoint as a mediator for the appeal the next self-nominated attorney, in reasonably close proximity to the parties, if possible, on a list maintained by the clerk for that purpose pursuant to section (4)(e) of this rule. The order of appointment, substantially complying with Form 6 in the Appendix of Forms, shall be signed by the clerk of the supreme court and served upon the mediator and the parties to the appeal. The parties may substitute a mediator of their choice for the mediator appointed by the clerk only if, within 10 days of the clerk's appointment, they file a written stipulation signed by all parties agreeing upon a substitute mediator. The parties must also serve a copy of such stipulation upon the mediator appointed by the clerk.

   **(e)** The clerk of the supreme court shall maintain 3 lists of resident Montana attorneys who are members in good standing of the State Bar of Montana, have been licensed as attorneys for no less than 5 years, and have indicated their desire to be appointed as mediators for purposes of this rule by completing and submitting to the clerk an original and 2 copies of the mediator background information form available from the clerk. The separate lists will reflect those attorneys desiring appointment as mediators

for the workers' compensation, domestic relations, and/or money judgment appeals which are subject to this rule.

**(f)** The parties shall share the mediator's fee and incidental expenses equally. However, in money judgment cases where there is $5,000 or less at issue and the judgment is for $5,000 or less, any mediator appointed by the clerk of the supreme court under section (4)(d) shall serve pro bono, and the mediator's incidental expenses shall be shared equally by the parties. All pro bono appointments shall be so indicated in the order of appointment.

**(g)** If a party is unable to pay for mediation and if the parties are unable to secure the services of a mediator who is willing to serve without fee or at a reduced rate, the party may opt out of the mandatory alternative dispute resolution process by filing with the clerk of the supreme court an affidavit stating the party is unable to afford appellate mediation. Such an affidavit must be filed within the 15 days allowed for the parties to select a mediator under rule 7(4)(b). If the affidavit is filed after the appointment of a mediator, the affidavit will be rejected.

**(5) Mediation process.** The mediation process required by this rule shall comply with the procedures provided in this section.

**(a)** The mediation required by this rule is an informal, confidential, nonadversarial process in which an impartial third person, the mediator, assists the parties to an appeal in resolving the differences between them. The decision-making authority remains with the parties; the mediator has no authority to compel a resolution or to render a judgment on any issue. The role of the mediator is to encourage and assist the parties to reach their own mutually-acceptable resolution by facilitating communication; helping to clarify issues, interests, and the appellate perspective; fostering joint problem-solving; and exploring settlement alternatives.

**(b)** Upon selection or appointment to mediate an appeal as provided by this rule, the mediator shall schedule a mediation conference between the parties for the purpose of attempting to resolve the issues on appeal.

**(c)** The conference shall be held in person; provided, however, that if distance, time, or other considerations make an in-person conference impractical, the mediator may hold the conference online or by telephone at such time and place as the mediator may determine. The mediation shall proceed in substantial compliance with the requirements of this rule and the guidelines and format set forth in the mediator's instruction sheet.

**(d)** The appellant, or the cross-appellant in those cases where only the cross-appeal results in the case being subject to this rule, shall submit the required statement of position to the mediator and to the responsive party within 15 days of the date the notice of selection or order of appointment of the mediator is filed under section (4) of this rule. The responsive party shall

have 7 days to submit a responsive statement of position. In the event of a cross-appeal, the appellant shall have an additional 7 days to submit its statement of position relative to the issues raised by the cross-appeal.

**(e)** The parties' respective submissions shall not exceed 10 pages in length, double spaced, on standard letter-sized paper; provided, however, that the parties may attach such exhibits of record and transcript excerpts as the parties may wish the mediator to consider.

**(f)** The parties shall serve on the mediator and each party their written statement of position substantially complying with Form 7 in the Appendix of Forms and containing, at a minimum, the following:

   (i)    A statement of issue(s) on appeal and the manner in which each issue was preserved;

   (ii)   A statement of the standard of review applicable to each issue;

   (iii)  The position of the party with respect to each issue, with citations to legal authority; and

   (iv)   In the case of the appellant and any cross-appellant, a copy of the order or judgment from which the appeal is taken.

**(g)** In addition to the statements of position to be served on the mediator and opposing parties, each party may submit to the mediator a separate confidential submission containing such additional information relative to its position regarding settlement as it may wish to tender in order to facilitate the mediation process required by this rule. Unless otherwise agreed, such a submission shall not exceed 5 pages. The confidential submission, if any, shall be served on the mediator contemporaneously with the service of the party's statement of position.

**(h)** Each party, or a representative of each party with authority to participate in settlement negotiations and affect a complete compromise of the case, shall participate in the mediation conference. If an insurance carrier, other indemnitor, or self-insurance administrator is involved, a representative with ultimate settlement authority shall participate in the mediation conference.

**(6) Proceedings confidential.** The mediation process shall be confidential. All proceedings held, submissions tendered, and statements made by anyone in the course of the mediation process required by this rule constitute offers to compromise and statements made in compromise negotiations pursuant to M. R. Evid. 408 and are inadmissible pursuant to the terms of that rule.

**(7) Completion of mediation process.**

**(a)** Immediately upon the conclusion of the mediation conference, the mediator shall file a mediator's report substantially complying with Form 8 in the Appendix of Forms with the clerk of the supreme court, and serve copies on the parties.

**(b)** If the mediator files a report, with proper notice to the parties, indicating that the matter has been settled, the court will dismiss the appeal 30 days later absent a motion to keep the cause number open.

**(c)** None of the forms, notices, or stipulations to be filed with the clerk of the supreme court shall contain any information relating to the parties' respective positions regarding the issues on appeal, the parties' positions regarding settlement, or any substantive matter which is the subject of the litigation; the exclusive and sole purposes of forms and notices to be filed with the clerk of the supreme court are to maintain status records and statistics, to ensure orderly compliance with the process required by this rule, and to provide a mechanism for returning the case to the ordinary appeal process where mediation has not resolved the case and resulted in a stipulation for dismissal.

**(d)** The parties are encouraged to continue to pursue settlement efforts in the event the mediation process required by this rule does not resolve the appeal and the case returns to the ordinary appeal process.

**(8) Sanctions.** Substantial noncompliance with this rule may, on motion of a party or by the supreme court sua sponte, result in the assessment of mediator fees, imposition of monetary sanctions, costs, dismissal of the appeal, or such other sanction as the supreme court deems appropriate.

.   .   .

## Rule 12.  Briefs.

**(1) Brief of the appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:

**(a)** A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited;

**(b)** A statement of the issues presented for review. Parties are encouraged to limit the number of issues to 4 or fewer;

**(c)** A statement of the case. The statement shall first indicate briefly the nature of the case and its procedural disposition in the court below. Only that procedural background which is relevant to the issue or issues raised shall be included in the statement of the case;

**(d)** A statement of the facts relevant to the issues presented for review, with references to the pages or the parts of the record at which material facts appear;

**(e)** A statement of the standard of review as to each issue raised, together with a citation of authority;

**(f)** A summary of the argument. The summary shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief and not be a mere repetition of the argument headings;

**(g)** An argument. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on;

**(h)** A short conclusion stating the precise relief sought; and

**(i)** An appendix that includes the relevant judgment, order(s), findings of fact, conclusions of law, jury instruction(s), ruling(s), or decision(s) from which the appeal is taken together with any written memorandum or rationale of the court, and those pages of the transcript containing any oral ruling in support. This appendix shall include a table of contents and plain paper tabs and may be a separately-bound document if the volume of the required attachments makes this necessary.

**(2) Answer brief of the appellee.** The answer brief of the appellee shall conform to the requirements of section (1)(a) through (h) of this rule, except that a statement of the issues or of the case need not be made unless the appellee is dissatisfied with the statement of the appellant.

**(3) Reply brief.** The appellant may file a brief in reply to the brief of the appellee, and if the appellee has cross-appealed, the appellee may file a brief in reply to the response of the appellant to the issues presented by the cross-appeal. The reply brief must be confined to new matter raised in the brief of the appellee. Only one reply brief may be filed, regardless of the number of appellees' briefs filed, and the rule 11(4) word or page limit for reply briefs applies even if the reply brief also contains a response to a cross-appeal. No further briefs may be filed except with leave of court.

**(4) Briefs in cases involving cross-appeals.** If a cross-appeal is filed, the party who first files a notice of appeal, or in the event that the notices are filed on the same day, the plaintiff in the proceeding below, shall be deemed the appellant for the purposes of this rule and rules 11 and 13, unless the parties otherwise agree or the court otherwise orders. The brief of the appellee shall conform to the requirements of section (1)(a) through (i) of this rule. The cross-appellant shall file the cross-appeal brief combined in a single document with the answer brief, the appellant shall file the cross-appeal answer brief combined in a single document with the reply brief, and the cross-appellant shall file the cross-appeal reply brief within 14 days after service of the cross-appeal answer brief. Word limitations in combined briefs that raise or respond to cross-appeals shall not exceed those word limitations set forth in rule 11(4).

**(5) Appendix.** If desired, and in addition to the documents required under subsection (1)(i) of this rule, the appellant or the appellee may file a separate appendix containing additional documents or materials that are referenced in the brief or may, otherwise, be of assistance to the supreme court in its review of the

brief. The parties may file a joint appendix. If separate appendices are filed, materials included in the appellant's appendix should not be duplicated in the appendix of the appellee. Given that the court has available to it the entire record, parties are advised that a supplemental appendix is not required. If one is filed, it shall include only those documents essential to the arguments. Any supplemental appendix shall include a table of contents, and each document shall be tabbed using plain paper tabs and not plastic-coated tabs.

**(6)** **Notice of supplemental authorities.** When pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision, a party may promptly advise the clerk of the supreme court, by "Notice of Supplemental Authority," with copies to all parties, setting forth the citation(s) without argument. The notice shall reference either the page of the brief or the point argued orally to which the citation(s) pertain.

**(7)** **Brief of amicus curiae.** A brief of an amicus curiae may be filed only upon invitation or leave of the supreme court granted on motion. A motion for leave shall identify the interest of the applicant, state the reasons why a brief of an amicus curiae is desirable, identify the party whose position amicus supports, provide the date upon which the brief can be filed, and indicate whether the other party consents to the request.

**(8)** **References in briefs to parties.** Subject to the requirements of rule 10(6) and rule 14(5)(b)(v), references to parties by formal designations such as "appellant," "appellee," "petitioner," "respondent," "plaintiff," or "defendant" are discouraged and the use of names or descriptive terms such as "John," "Sue," "the employer," "the taxpayer," "father," or "mother" are encouraged.

**(9)** **References in briefs to the record.** Whenever a reference is made in the briefs to the record, the reference must be to particular parts of the record, suitably designated, and to specific pages of each part, e.g., Answer, p. 7; Motion for Summary Judgment, p. 3; Transcript, p. 231. Intelligible abbreviations may be used. If reference is made to an exhibit, reference shall be made to the pages of the transcript on which the exhibit was identified, offered, and received or rejected.

**(10)** **Over-length and supplemental briefs and costs.** Motions to file over-length and supplemental briefs will not be routinely granted. Motions to file such briefs must be supported by an affidavit demonstrating extraordinary justification.

**(11)** **Disk copy of briefs and appendices.** Original briefs filed under this rule and under rule 14 shall include a digital copy prepared on a Read Only Digital Video Disk (DVD-R), in Portable Document Format (PDF) which shall be redacted of all confidential information in accordance with rule 10(7). This rule shall not apply to hand-written briefs or to those typed on a typewriter. Failure to include the DVD-R with the original brief shall not be grounds for dismissal or for refusal to file the brief. In accordance with rule 10(7)(g), the appendix or attachments submitted on the DVD-R need not be redacted.

. . .

**Rule 17. Oral arguments.**

    **(1) Standards.** Oral argument will be allowed upon order of the supreme court. All cases not designated for oral argument will be decided on the basis of the briefs and the record on appeal.

    **(2) Order regarding argument.** The supreme court shall, by order, schedule and specify the date, time, and place for the oral argument.

    **(3) Time allowed for argument.** The supreme court's order granting oral argument will designate the amount of time each party will be allowed at oral argument.

    **(4) Order and content of oral argument.** The appellant or applicant is entitled to open and conclude the argument. Closing argument shall be limited to rebuttal of appellee's or respondent's argument.

    **(5) Cross and separate appeals.** If there is a cross-appeal, rule 12(4) determines which party is the appellant and which is the appellee for purposes of oral argument. If separate appellants support the same argument, care shall be taken to avoid duplication of argument at the hearing.

    **(6) Use of physical exhibits at argument.**

        **(a)** Use of physical exhibits and enlargements during oral argument is distracting to the supreme court and is discouraged.

        **(b)** Handouts are permissible provided there are sufficient copies for members of the supreme court and opposing counsel.

        **(c)** Any physical exhibit, handout, or enlargement that attempts to supplement the briefs with additional arguments shall not be permitted. If opposing counsel objects to a physical exhibit, enlargement, or handout, counsel may make an objection on the record at an appropriate time.

    **(7) Arguments recorded.** Oral arguments are electronically recorded. Absent a recusal, a justice not able to attend oral argument will participate in the supreme court's deliberations after listening to the electronic recording.

    **(8) Miscellaneous.** The supreme court, sua sponte, or upon motion and good cause shown, may direct that oral argument times be extended or shortened; that the order or designation of parties arguing be modified; or that amicus curiae argue. Normally, any time granted to amicus curiae for oral argument will be subtracted from the time allotted to the party whose argument the amicus supports. Amicus curiae seeking leave to present oral argument must indicate whether such party consents to the motion.

    IT IS ORDERED that revised Rules 2, 4, 5, 7, 12, and 17 of the Montana Rules of Appellate Procedure shown above are adopted, effective October 1, 2015.

14

In addition, we hereby adopt the updated sample forms that are attached to this Order, for use by the Clerk's office and for distribution to and use by litigants in appeals to this Court.

This Order shall be posted on the Court's website. In addition, the State Bar of Montana is asked to post a link to this Order on its website, and the Clerk is directed to provide a copy of this Order to the State Bar of Montana.

DATED this 17th day of February, 2015.

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE

Form 1

# IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____
Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____

_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,

      v.                                                                  NOTICE OF APPEAL

_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.

NOTICE is given that _____, the Appellant above-named and who is the _____(plaintiff/petitioner/or other designation) in that cause of action filed in the _____ Judicial District, in and for the County of _____ as Cause No._____, hereby appeals to the Supreme Court of the State of Montana from the final judgment or order entered in such action on the ____ day of _____, 20____.

**THE APPELLANT FURTHER CERTIFIES:**

    1.  That this appeal ____is/is not___ subject to the mediation process required by M. R. App. P. 7.  If subject to mediation, the money judgment being sought ____is/is not____ less than $5,000.

    2.  That this appeal _____is/is not____ an appeal from an order certified as final under M. R. Civ. P. 54(b).  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A."

    3.  That all available transcripts of the proceedings in this cause _____have been/have not been ____ ordered from the court reporter contemporaneously with the filing of this notice of appeal.  If all available transcripts have not been ordered, that Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

    4. That included herewith is the filing fee prescribed by statute, or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3.

Dated this _____day of _____, 20\_\_\_.

_____
Attorney for_____

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF APPEAL with the Clerk of the Montana Supreme Court and that I have served true and accurate copies of the foregoing NOTICE OF APPEAL upon the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript will be ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows:

(list name and address of the Clerk of the District Court, each court reporter, and each attorney or party served)

Dated this \_\_\_ day of _____, 20\_\_\_.

_____
Name

_____
Address

_____
Title

Form 1A

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____
Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____

_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,

                    v.

_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.

NOTICE OF A CHALLENGE
TO THE CONSTITUTIONALITY
OF AN ACT OF
THE MONTANA LEGISLATURE

        Notice is hereby given to the Supreme Court and to the Montana Attorney General that, in this action, the undersigned challenges the constitutionality of an act of the Montana legislature, namely: _____
_____.
Neither the state nor any agency or any officer or employee thereof is a party to this action in the officer's or employee's official capacity.

        This notice is given within 11 days of the filing of the notice of appeal, as required by M. R. App. P. 27.

        Dated this _____day of _____, 20___.

                                    _____
                                    Attorney for_____


CERTIFICATE OF SERVICE

        I hereby certify that I have filed a true and accurate copy of the foregoing with the Clerk of the Montana Supreme Court and that I have served true and accurate copies of the foregoing

upon the Attorney General for the State of Montana, each attorney of record, and each party not represented by an attorney in the above-referenced action, as follows:

(list name and address of the Attorney General and each attorney or party served)

Dated this \_\_\_ day of _____, 20\_\_\_.

_____
Name

_____
Address

_____
Title

Form 2

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____
Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____


_____,
    Plaintiff/Petitioner,
    ☐Appellant or ☐Appellee, and
    ☐Cross-Appellant or ☐Cross-Appellee,

      v.                                    NOTICE OF CROSS-APPEAL

_____,
    Defendant/Respondent,
    ☐Appellant or ☐Appellee, and
    ☐Cross-Appellant or ☐Cross-Appellee.


      NOTICE is given that _____ cross-appeals to the Supreme Court of the State of Montana from the final judgment or order entered in Cause No. _____ in the _____Judicial District, in and for the County of _____, on the _____day of _____, 20___.

**THE CROSS-APPELLANT FURTHER CERTIFIES:**

    1.  That this cross-appeal ____is/is not___ subject to the mediation process required by M. R. App. P. 7.  If subject to mediation, the money judgment being sought ____is/is not____ less than $5,000.

    2.  That this cross-appeal _____is/is not____ an appeal from an order certified as final under M. R. Civ. P. 54(b).  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A."

    3.  That all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed ____have been/have not been____ ordered from the court reporter contemporaneously with the filing of this notice of cross-appeal.  If all available transcripts have not been ordered, that Cross-Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

    4. That included herewith is the filing fee prescribed by statute, or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3.

Dated this _____day of _____, 20\_\_\_.

_____
Attorney for_____

## CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF CROSS-APPEAL with the Clerk of the Montana Supreme Court and that I have served true and accurate copies of the foregoing NOTICE OF CROSS-APPEAL upon the Clerk of the District Court, each attorney of record, each court reporter from whom a transcript will be ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows:

(list name and address of Clerk of the District Court, each court reporter, and each attorney or party served)

Dated this \_\_\_ day of _____, 20\_\_\_.

_____
Name

_____
Address

_____
Title

Form 3

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No. _____

_____,
 Plaintiff/Petitioner and
 ☐Appellant or ☐Appellee,

                                                    MOTION AND AFFIDAVIT
 v.                                                 TO PROCEED ON APPEAL WITHOUT
                                                    PAYMENT OF FILING FEE

_____,
 Defendant/Respondent and
 ☐Appellant or ☐Appellee.


        I move this Court to proceed without payment of the filing fee in this cause, and I submit this Affidavit in support of my motion.
        I, _____, being first duly sworn, depose and say that I am the _____ (designation of party) in the above-entitled cause; that in support of my application to proceed on appeal without being required to pay the filing fee, I state that because of my financial condition I am unable to pay the filing fee; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:
_____
_____
_____

        I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.
        1. Are you presently employed? _____
        a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer. _____
_____
_____
        b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received. _____
_____
_____
        2. Have you received within the past 12 months any income from a business, profession, or other form of self-employment, or in the form of rent payments, interest, dividends, or other source? If the answer is yes, describe each source of income and state the amount received from each during the past 12 months. _____
_____
_____

3. Do you own any cash or checking or savings account?  If the answer is yes, state the total value of the items owned.  _____
_____
_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  If the answer is yes, describe the property and state its approximate value.  _____
_____
_____

5. List the persons who are dependent upon you for support and state your relationship to those persons.  _____
_____
_____

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.


_____


Subscribed and sworn to before me this _____ day of _____, 20___.


_____
Notary Public for the State of Montana
SEAL             Residing at _____
My Commission expires _____

Form 4

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,

       v.

_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.

NOTICE REQUIRING FILING
OF AMENDED NOTICE OF
APPEAL OR CROSS-APPEAL

      NOTICE of ____Appeal/Cross-Appeal____ was filed on_____, 20___, in that cause of action filed in the _____ Judicial District, in and for the County of _____, as Cause No. _____.

      The notice does not contain the following required certification(s):

      1. ___ That this matter ____is/is not____ subject to the mediation process required by M. R. App. P. 7. If subject to mediation, the money judgment being sought ___is/is not____ less than $5,000.

      2. ____ That this matter _____is/is not_____ an appeal from an order certified as final under M. R. Civ. P. 54(b). If this is such an appeal, a true copy of the District Court's certification order is attached to the notice of appeal/cross-appeal as Exhibit "A."

      3. ____ That all available transcripts of the proceedings in this cause involving the issue(s) appealed _____have been/have not been_____ ordered from the court reporter contemporaneously with the filing of the notice of appeal. If all available transcripts have not been ordered, that Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of appeal.

      4. ____ That all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed _____have been/have not been_____ ordered from the court reporter contemporaneously with the filing of the notice of cross-appeal. If all available transcripts have not been ordered, that Cross-Appellant has complied with the provisions of M. R. App. P. 8(3) contemporaneously with the filing of this notice of cross-appeal.

      5. ____ That a copy of the notice of ____appeal/cross-appeal____ has been contemporaneously filed in the office of the Clerk of the District Court and served by mail on all attorneys of record and on all parties not represented by an attorney.

      ____ The notice of appeal/cross-appeal was not accompanied by the filing fee prescribed by statute or the affidavit to proceed without payment of the required filing fee prescribed in the Appendix of Forms as Form 3. PLEASE NOTE THAT THE NOTICE OF APPEAL/CROSS-APPEAL WILL NOT BE FILED UNTIL THE FILING FEE IS PAID OR THE AFFIDAVIT FILED.

**You are hereby directed to correct the above-checked deficiencies within 11 days of the date of this notice and to bring the notice into compliance with M. R. App. P. 4.**

True copies of this notice have been provided to all attorneys of record and to all parties not represented by an attorney.

Dated this ____ day of _____, 20___.

_____
Clerk of the Supreme Court

Form 5

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____,
    Plaintiff/Petitioner and
    ☐ Appellant or ☐ Appellee,

        v.                                          SELECTION OF MEDIATOR

_____,
    Defendant/Respondent and
    ☐ Appellant or ☐ Appellee.


        COME NOW the parties and advise that they have stipulated to and selected _____ as mediator for purposes of complying with the requirements of M. R. App. P. 7(4)(c).
        Dated this _____ day of _____, 20___.


                                        _____
                                        Attorney for Appellant


                                        _____
                                        Attorney for Appellee

Form 6

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____


_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,


    v.                                              ORDER OF MEDIATOR APPOINTMENT


_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.


      This appeal being subject to M. R. App. P. 7, and the parties having failed to jointly and timely select a mediator under M. R. App. P. 7(4)(c),
      IT IS ORDERED that _____, whose name appears next on the list of attorneys desiring appointment as mediators for ☐workers' compensation ☐domestic relations ☐money damages appeals which is maintained pursuant to M. R. App. P. 7(4)(e), is hereby appointed to conduct the mediation process required by M. R. App. P. 7(5); and
      IT IS FURTHER ORDERED that the time periods set forth in M. R. App. P. 7(5)(d) shall run from the date of this order of appointment.
      True copies of this order are being provided to counsel of record for the parties, or to the parties individually if not represented by counsel.
      Dated this _____ day of _____, 20___.


_____
Clerk of the Supreme Court

Form 7

IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,


    v.                                          STATEMENT OF POSITION


_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.



        A statement of position shall be 10 pages or less, double spaced.  Transcript excerpts, items related to admissibility, and exhibits of record may be attached.  The Judgment/Order from which appeal is taken <u>must</u> be attached.  The statement of position must be submitted to the mediator and opposing counsel/parties in accordance with M. R. App. P. 7(5)(f).
        A statement of position shall include:
    (1)    Issues on appeal and the manner in which each issue was preserved;
    (2)    Applicable standard of review for each issue;
    (3)    Analysis of each issue, statement of position, and citations of legal authority;
    (4)    Judgment/order appealed; and
  *(5)    Factors impacting settlement.

        *A confidential submission may be filed separately with the mediator indicating factors impacting settlement as provided in M. R. App. P. 7(6).

Form 8

## IN THE SUPREME COURT OF THE STATE OF MONTANA
Supreme Court Cause No._____

_____,
    Plaintiff/Petitioner and
    ☐Appellant or ☐Appellee,

    v.                              MEDIATOR'S REPORT

_____,
    Defendant/Respondent and
    ☐Appellant or ☐Appellee.

As a result of the settlement conference, this case is

☐    **SETTLED**
        ☐ Settlement agreement to be prepared by _____ no later than _____, 20\_\_.
        ☐ Stipulation for dismissal to be filed within 15 days of the date of this order.

☐    **NOT SETTLED**

DATED this \_\_\_\_ day of _____, 20\_\_\_.

_____
Mediator

(File with the clerk of the supreme court and provide copies to the clerk of the district court and to the parties.)

Form 9

IN THE DISTRICT COURT OF THE _____ JUDICIAL DISTRICT
IN AND FOR THE COUNTY OF _____
STATE OF MONTANA


_____,
     Plaintiff/Petitioner,                    Cause Number _____

       v.                           NOTICE OF TRANSCRIPTS
                                     DEEMED NECESSARY FOR APPEAL

_____,
     Defendant/Respondent.


       NOTICE is given that _____, the Appellant in the above-named case, hereby determines the following transcripts are necessary for appeal.  **Please check only those transcripts required**:

( ) No transcripts are necessary
( ) Jury Voir Dire
( ) Opening Statements
( ) Closing Arguments
( ) Trial Proceedings (all testimony, in-chambers discussions, and jury verdict)
( ) Pre-Trial Proceedings (specify by description and date of proceeding)

     _____

     _____

( ) Post-Trial Proceedings

     _____

     _____

( ) Other (specify by description and date of proceeding)

     _____

     _____

( )  The following transcripts have been prepared previously and are deemed necessary on appeal, and appellant requests the court reporter(s) prepare such transcripts in the proper format for filing with the supreme court and service on Appellee(s) (specify by description and date of proceeding)

     _____

     _____

The court reporter(s) responsible for the preparation of these transcripts is/are

_____

It is further certified that financial arrangements were made with the court reporter(s) <u>before</u> filing this Notice.

Dated this ____ day of _____, 20___.

_____

Attorney for _____

CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF TRANSCRIPTS DEEMED NECESSARY FOR APPEAL with the Clerk of the District Court and that I have served true and accurate copies of the foregoing NOTICE OF TRANSCRIPTS DEEMED NECESSARY FOR APPEAL upon each attorney of record, each court reporter from whom a transcript has been ordered, and each party not represented by an attorney in the above-referenced District Court action, as follows:

(list name and address of Clerk of the District Court, each court reporter, and each attorney or party served).

Dated this ___ day of _____, 20___.

_____
Name

_____
Address

_____
Title